# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANNA WILLIAMS, ) | |
| ) | Civil Action No. |
|    Plaintiff, ) | |
| ) | 1:12-CV-3988-TWT-JFK |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| PUBLIX SUPER MARKETS, INC., ) | |
| ) | |
|    Defendant. ) | |
| _____ ) | |

## AMENDED COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Anna Williams (hereinafter "Plaintiff" or "Ms. Williams"), by and through undersigned counsel, and files this, her first Amended Complaint for Damages, and shows the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

### II. JURISDICTION AND VENUE

2.

This Court has jurisdiction over Plaintiff's claims.

1

3.

Venue is appropriate.

4.

Plaintiff Anna Williams is a female citizen of the State of Georgia, and is subject to the jurisdiction of this Court.

5.

Defendant Publix Super Markets, Inc. is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within Douglas County.

6.

Defendant Publix Super Markets, Inc. may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Process Company, located at 2180 Satellite Boulevard, Suite 400, Duluth, Georgia 30097.

### III. ADMINISTRATIVE PROCEDURES

7.

Plaintiff Anna Williams timely filed a charge of discrimination against Defendant Publix Super Markets, Inc. with the Equal Employment Opportunity Commission (EEOC) on March 28, 2012.

8.

The EEOC issued a "Notice of Right to Sue" letter on November 28, 2012.

9.

This action is being brought to preserve Plaintiff's state law claims, as well as to add Plaintiff's Title VII claims.

### IV. FACTUAL ALLEGATIONS

10.

Defendant Publix Super Markets, Inc. is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII and has employed more than the requisite number of persons for the requisite duration under Title VII.

11.

Plaintiff was sexually harassed while employed at Publix Super Markets, Inc. by her supervisor, Marie Starr, who was also the Customer Service Manager.

12.

Defendant Publix Super Markets, Inc. was aware of Ms. Starr's propensity to sexually harass its employees.

13.

Anna Williams was hired by Defendant Publix Super Markets, Inc. on 11/21/1999 as a Customer Service Staff member at a Publix location in Florida.

14.

Anna Williams relocated from Florida to the Atlanta area and transferred her employment to a local Publix store; in approximately August of 2010, Anna Williams began working at Store #730, located at 2675 Lee Road, Lithia Springs, Georgia 30122-3356.

15.

Starting approximately September of 2010, Ms. Starr began sexually harassing Anna Williams.

16.

Over the course of the next year, Ms. Starr routinely touched Ms. Williams' breasts and buttocks as Ms. Williams would walk past her.

17.

Frequently, Ms. Williams would need to enter the back office at the store where Ms. Starr would be sitting at the computer; whenever Ms. Williams would walk into the office, Ms. Starr would either slap her buttocks or grab Ms. Williams' breasts as she came into the office.

18.

Ms. Williams was also subjected to sexually charged comments from Ms. Starr, such as "come here, I think you're too dry and need to be lubricated," and "you like white dick between your legs."

19.

Ms. Williams was constantly humiliated by this treatment from her supervisor, but at first avoided reporting her supervisor's behavior to upper management since Ms. Williams previously had problems with a supervisor at another Publix location.

20.

More specifically, on that occasion, when Ms. Williams complained about the behavior of her supervisor, Ms. Williams was written up and was told that if she could not get along with her co-workers, she would be terminated.

21.

Ms. Williams was also afraid to report Ms. Starr's harassment because Ms. Starr and the other Customer Service Supervisors and staff members were very close.

22.

In August 2011, Ms. Williams asked Ms. Starr to stop sexually harassing her, and reported the sexual harassment to the store manager, John Macomber.

23.

Mr. Macomber's responded by telling Ms. Williams "you always think you are innocent" and stated that if Ms. Williams had a problem with the situation then perhaps she should not be working there.

24.

As a result of Mr. Macomber's response, Ms. Williams doubted that her complaint would be taken seriously, and therefore she reported the sexual harassment to Defendant's corporate office.

25.

Once Ms. Williams made her complaint to management, Ms. Starr began retaliating against Ms. Williams by changing her job duties, preventing her from taking her scheduled breaks, as well as writing Ms. Williams up for minor and/or fabricated infractions.

26.

In September 2011, a meeting was held at the store wherein another customer service representative, Ms. Channa Wright, made a complaint about

something that Ms. Williams had done; when Ms. Williams attempted to respond to the statements of her coworker, the other employee lunged at Ms. Williams and attempted to physically attack Ms. Williams.

27.

Understandably, Ms. Williams felt threatened and called the local police to the store; the police said they could not do anything about the conflict and that if Ms. Williams had issues with her coworkers, she should speak with the store management and/or her supervisors about the issues.

28.

On September 30, 2011, Mr. Macomber called Ms. Williams into his office and terminated her for allegedly threatening the employee who had lunged at Ms. Williams during the meeting and attempted to physically attack her.

29.

Publix Super Markets, Inc. created a hostile work environment that Plaintiff Anna Williams was required to endure as a condition of employment.

30.

Publix Super Markets, Inc. chose not to take reasonable steps to prevent sexual harassment from occurring, despite its knowledge of its employee's propensity for sexual harassment.

31.

The sexual harassment was severe or pervasive, altering the terms and conditions of Anna Williams's employment.

32.

Publix Super Markets, Inc. failed to take appropriate remedial actions to correct the sexual harassment.

## V. FEDERAL LAW CLAIMS FOR RELIEF

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

34.

Defendant actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*. and 42 U.S.C. § 1981(a).

35.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

36.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to adversely affect her mental and emotional health and well-being, and her status as an employee because of her sex.

37.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

## **HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

38.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

39.

On a consistent basis during Plaintiff's employment, Ms. Starr subjected Plaintiff to sexual harassment.

40.

Plaintiff was obligated to work in an atmosphere that was hostile by virtue of unsolicited and unwelcome sexual advances, comments, sex based comments, sexual innuendo and other sexually charged conduct.

41.

This sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a working environment that was intimidating, insulting and abusive to employees.

42.

Because of its failure to take prompt and remedial action, and its deliberate indifference to sexually hostile conduct, Publix Super Markets, Inc. has intentionally engaged in unlawful employment practices in violation of Title VII.

43.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of sex.

44.

As a direct and proximate result of Publix Super Markets, Inc.'s violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

**VIOLATION OF THE CIVIL RIGHTS ACT OF 1991**

45.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

46.

Defendant Publix Super Markets, Inc. permitted its employee to act in a hostile manner towards Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

47.

As a direct and proximate result of Defendant Publix Super Markets, Inc.'s unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health.

48.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991.

## VI.  STATE LAW CLAIMS FOR RELIEF

### NEGLIGENT AND WRONGFUL HIRING, RETENTION AND SUPERVISION

49.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

50.

Defendant Publix Super Markets, Inc. knew, or in the exercise of ordinary diligence, should have known of the propensity of its employee to engage in sexually offensive conduct toward other employees, and Anna Williams in particular.

51.

Defendant Publix Super Markets, Inc. nevertheless failed and refused to act to protect Anna Williams.

52.

Defendant Publix Super Markets, Inc. is thus liable to Anna Williams for all of the damages sustained as a result.

**NEGLIGENT FAILURE TO PREVENT SEXUAL HARASSMENT**

53.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

54.

Defendant Publix Super Markets, Inc. had a duty to prevent sexual harassment in the workplace.

55.

Defendant Publix Super Markets, Inc. failed to use ordinary care to prevent sexual harassment in the workplace, causing Anna Williams to be sexually harassed.

56.

The conduct of Defendant Publix Super Markets, Inc. was consciously or recklessly indifferent to the inevitable or probable consequences of its conduct in failing to remedy the harassment.

57.

Defendant Publix Super Markets, Inc. is thus liable to Anna Williams for all of the damages sustained as a result.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

58.

Defendant's conduct was extreme and outrageous.

59.

Defendant intended to inflict severe emotional distress or knew that it was a high probability that the conduct would do so.

60.

Defendant's conduct actually caused severe emotional distress.

61.

Defendant is liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

**WHEREFORE**, Plaintiff prays that this Court grant judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant Publix Super Markets, Inc. has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant Publix Super Markets, Inc. from further unlawful conduct of the type described herein; and

      (i)        All other relief to which he may be entitled.

Respectfully submitted this 31st day of January, 2013.

                                **BARRETT & FARAHANY, LLP**

                                s/ Elizabeth L. Brown
                                Elizabeth L. Brown
                                Georgia Bar No. 940372
                                Benjamin F. Barrett
                                Georgia Bar No. 039586

                                *Attorneys for Plaintiff Anna Williams*

1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 (*facsimile*)
lbrown@bf-llp.com
ben@bf-llp.com

## **CERTIFICATION PURSUANT TO L.R. 7.1D**

I hereby certify that the foregoing *Amended Complaint for Damages* was prepared in conformance with the font and point selections approved by the Court in Local Rule 5.1.

s/Elizabeth L. Brown_____
Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ANNA WILLIAMS,                              )  | |
|                                                              )  | Civil Action No. |
|       Plaintiff,                                    )  | |
|                                                              )  | 1:12-cv-03988-TWT-JFK |
| v.                                                      )  | |
|                                                              )  | JURY TRIAL DEMANDED |
| PUBLIX SUPER MARKETS, INC.,    )  | |
|                                                              )  | |
|       Defendant.                                 )  | |
| _____ )  | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing ***Amended Complaint for Damages*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record:

Michael O. Eckard, *Esq*.
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
191 Peachtree Street, N.E. , Suite 4800
Atlanta, Georgia 30303

Respectfully submitted this 31st day of January, 2013.

s/Elizabeth L. Brown
Elizabeth L. Brown
Georgia Bar No. 940372
Counsel for Plaintiff

BARRETT & FARAHANY, LLP
1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309